IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DAVID VICE, individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br>v.<br><br>QUALITY HUTS, LLC, QUALITY HUTS EAST, LLC, QUALITY HUTS INDIANAPOLIS, LLC, QUALITY HUTS MID ATLANTIC, LLC, QUALITY HUTS MIDWEST, LLC,<br><br>Defendants. | Case No. 3:22-cv-374<br><br>Collective Action Complaint<br><br>Jury Demanded |

## COLLECTIVE ACTION COMPLAINT

Plaintiff, David Vice ("Plaintiff"), individually and on behalf of all other similarly situated delivery drivers, brings this Complaint against Defendants, Quality Huts, LLC, Quality Huts East, LLC, Quality Huts Indianapolis, LLC, Quality Huts Mid Atlantic, LLC, Quality Huts Midwest, LLC, and alleges as follows:

1. Defendants operate numerous Pizza Hut franchise stores. Defendants employ delivery drivers who use their own automobiles to deliver pizza and other food items to their customers. However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants used a flawed method to determine reimbursement rates that neither reimburses the drivers for their actual expenses, nor at the IRS business mileage rate which is legally required and a reasonable approximation of those expenses. This under-

1

reimbursement caused their wages to fall below the federal minimum wage during some or all workweeks.

2. Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* to recover unpaid minimum wages owed to Plaintiff and similarly situated delivery drivers employed by Defendants at their Pizza Hut stores.

## Jurisdiction and Venue

3. The FLSA authorizes court actions by private parties to recover damages for violations of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question).

4. Venue in this District is proper under 28 U.S.C. § 1391 because Defendants employed Plaintiff in this District, Defendants operates Pizza Hut franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## Parties

5. Defendant, Quality Huts, LLC is a Delaware limited liability company and may be served via its registered agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, or wherever he may be found.

6. Defendant, Quality Huts East, LLC is a Delaware limited liability company and may be served via its registered agent, The Corporation Trust

Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, or wherever he may be found.

7. Defendant, Quality Huts Indianapolis, LLC is a Delaware limited liability company and may be served via its registered agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, or wherever he may be found.

8. Defendant, Quality Huts Mid Atlantic, LLC is a Delaware limited liability company and may be served via its registered agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, or wherever he may be found.

9. Defendant, Quality Huts Midwest, LLC is a Delaware limited liability company and may be served via its registered agent, The Corporation Trust Company at Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801, or wherever he may be found.

10. Plaintiff was employed by Defendants from approximately November 2013 to March 2020 as a delivery driver at Defendants' Pizza Hut stores located in Goshen, Indiana and South Bend, Indiana. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as **"Exhibit 1."**

## General Allegations

### *Defendants' Business*

11. Defendants operate close to two-hundred (200) Pizza Hut franchise stores in the greater Baltimore, MD, Pittsburgh, PA, Chicago, IL, Indianapolis, IN, and South Bend, IN areas. *See* https://www.facebook.com/qualityhuts/about.

12. Defendants' Pizza Hut stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendants' Flawed Automobile Reimbursement Policy*

13. Defendants require their delivery drivers to maintain and pay for safe, legally-operable, and insured automobiles when delivering pizza and other food items.

14. Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

15. Pursuant to the Department of Labor Field Operations Handbook, employers are required to either: (1) track and reimburse delivery drivers for their actual expenses, or (2) reimburse delivery drivers at the IRS business mileage reimbursement rate. Moreover, the IRS business mileage reimbursement rate represents the reasonable approximation of delivery drivers' actual expenses.

16. Defendants' delivery driver reimbursement policy reimburses drivers on a per-mile basis, but the reimbursement is not based on their actual expenses. Moreover, the reimbursement amount is below the IRS business mileage reimbursement rate or a reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

17. During the applicable FLSA limitations period (2019 – 2022), the IRS business mileage reimbursement rate ranged between $.56 and $.585 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.618 and $.64 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

18. However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

19. Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their vehicle, and thus Defendants uniformly failed to reimburse its delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

20. Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

21. Defendants failed to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished beneath the federal minimum wage requirements.

22. In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

23. Regardless of the precise amount of the per-delivery or per-mile reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

24. Plaintiff was paid an hourly rate while employed by Defendants, including a tip credit applicable to the time he performed deliveries, such that

6

Plaintiff's "on the road" or "out of store" hourly rate was below the applicable minimum wage.

25. During the relevant time period, Plaintiff was reimbursed just $.34 per mile and drove an average of 5-10 or more miles per trip and made approximately 15-25 trips in an eight-hour shift.

26. During the relevant time period, the IRS business mileage reimbursement rate ranged between $.56 and $.585 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the *lowest* IRS rate ($.56 per mile) and the rate per mile Plaintiff was making per mile driven ($.34 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased his net wages by at least $.22 ($.56 - $.34) per mile.

27. During his employment with Defendants, Plaintiff regularly made approximately 15-25 or more deliveries in an eight-hour shift (or approximately 2.5 deliveries per hour). Thus, using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreased Plaintiff's net wages by *at least* $4.125 ($.22 x 7.5 miles x 2.5 deliveries).

28. All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of

similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

29.   Because Defendants paid their drivers a gross hourly wage below the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

30.   While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Pizza Hut stores. Thus, although reimbursement amounts may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

31.   The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of its employees.

## Collective Action Allegations

32.   Plaintiff brings this action as an "opt-in" collective action on behalf of similarly situated delivery drivers pursuant to 29 U.S.C. § 216(b).

33.   The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

34.   Plaintiff, individually and on behalf of other similarly situated employees, seeks relief on a collective basis challenging Defendants' practice of

8

failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

35. Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

    a. They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

    b. They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

    c. Defendants required them to maintain these automobiles in a safe, legally-operable, and insured condition;

    d. They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

    e. They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

    f. They were subject to the same pay policies and practices of Defendants;

    g. They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements,

resulting in wages below the federal minimum wage in some or all workweeks;

h. They were reimbursed similar set amounts of automobile expenses per delivery; and

i. They were paid a sub-minimum wage before deducting unreimbursed business expenses.

### Count I: Violation of the Fair Labor Standards Act of 1938

36. Plaintiff reasserts and re-alleges the allegations set forth in paragraphs 1 – 35 above as though fully set forth herein.

37. The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

38. Defendants are subject to the FLSA's minimum wage requirements because they are enterprises engaged in interstate commerce, and their employees are engaged in commerce.

39. At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

40. Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated delivery drivers.

41. Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

42. As alleged herein, Defendants have reimbursed delivery drivers less than either (1) their actual expenses, or (2) the IRS business mileage rate, which is a reasonably approximate amount of their automobile expenses. This under-reimbursement diminishes these employees' wages beneath the federal minimum wage.

43. Defendant knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

44. Defendant, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated employees.

45. Plaintiff and all similarly situated delivery drivers are victims of uniform and employer-based compensation and reimbursement policies. These uniform policies, in violation of the FLSA, have been applied, and continue to be applied, to all delivery driver employees in Defendants' stores.

46. Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses, within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants

acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

47. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

48. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

WHEREFORE, Plaintiff and the Class demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Dated this      day of May, 2022.

Respectfully submitted,

**/s/ J. COREY ASAY**
J. Corey Asay, Esq.
KY Bar No.: 98665
MORGAN & MORGAN, P.A.
333 W. Vine Street, Suite 1200
Lexington, KY 40507
T: (859) 286-8368
F: (859) 286-8384
E: CAsay@forthepeople.com
*Local Counsel*

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq. *(pro hac vice forthcoming)*
FBN 0015527
Jolie N. Pavlos, Esq. *(pro hac vice forthcoming)*
FBN 0125571
Morgan & Morgan, P.A.
20 N. Orange Ave., 15th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone:   (407) 420-1414
Facsimile:   (407) 245-3401
Email:        RMorgan@forthepeople.com
              JPavlos@forthepeople.com

*Counsel for the Plaintiff(s)*